# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PATRICK KELLY,

        Petitioner,    :    Case No. 2:18-cv-19

  - vs -                            District Judge George C. Smith
                                      Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  FRANKLIN MEDICAL CENTER,

                                      :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss (ECF No. 5). Petitioner opposes the Motion (ECF No. 6) and the time within which Respondent could have filed a reply memorandum in support has expired, rendering the Motion ripe for decision.

Because a motion to dismiss involuntarily is dispositive, it requires a recommended disposition from an assigned Magistrate Judge, rather than a decision. 28 U.S.C. § 636(b)(1)(A) and (B). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the magistrate judge workload in the District (ECF No. 7).

Respondent asserts the case must be dismissed because the Petition is mixed in that it contains a claim of ineffective assistance of trial counsel on which Petitioner has not exhausted his available state court remedies.

        **Ground One**: The deficient performance of trial and appellate counsel deprived Petitioner of his 6th and 14th Amendment right to

1

> the effective assistance of counsel and trial by jury under the 5th and 14th Amendment.
>
> **Supporting Facts:** Defense counsel failed to object to erroneous jury instructions specifically regarding Count 25, i.e. the State RICO charge which were contrary to state law and allowed the jury to convict Petitioner without sufficient evidence and proof on all elements.

(Petition, ECF No. 1, PageID 6.)

Although this claim is apparent on the face of the appeal record, Ohio's criminal *res judicata* doctrine would not bar its presentation in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because Petitioner was represented by the same attorney on direct appeal as at trial. *State v. Lentz*, 70 Ohio St. 3d 527, 529-30 (1994). As of the time the Motion to Dismiss was filed, Petitioner had not filed a petition for post-conviction relief and the Court is not advised that he has done so since that time.

Respondent notes that there is a statute of limitations for post-conviction petitions in Ohio of 365 days after the transcript on direct appeal has been filed in the court of appeals. The Fourth District Court of Appeals affirmed Kelly's convictions December 30, 2016. *State v. Kelly*, 2016-Ohio-8582, 77 N.E. 3d 388 (4th Dist. Dec. 30, 2016). Although Respondent offers no exact calculation, the deadline has plainly passed. Respondent notes, however, that a petition may be filed after the deadline if a defendant satisfies the conditions imposed by Ohio Revised Code § 2953.23(A)(1), to wit,

> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies

> retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

In his Reply to the Motion, Petitioner concedes that he has not filed a post-conviction petition and that he cannot meet the "stringent requirements for filing of a delayed post-conviction petition." (ECF No. 6, PageID 328.) Under these circumstances he asserts he has no further state court remedies to exhaust.

Anticipating this argument, Respondent asserted that whether or not a petition can meet the requirements of Ohio Revised Code § 2953.23 is a question of state law on which this Court must give the Ohio courts "the opportunity to exercise its discretion in favor of the availability of the remedy." (ECF No. 5, PageID 324, citing *Cunningham v. Hudson*, 756 F.3d 477 (6th Cir. 2014), and *Wagner v. Smith*, 581 F.3d 410 (6th Cir. 2009). Cunningham was a capital case in which the possible state court remedies were a motion for new trial or a successive post-conviction petition. Although Cunningham sought to have the district court decide his juror bias claim, he did not concede that either of the two suggested state court remedies would be futile, as Kelly does. Moreover, as a capital habeas petitioner, Cunningham suffered no harm from a remand, whereas Kelly is already three-plus years into a seven-year sentence and will continue to serve that sentence while any remand to state court is pending. In *Wagner*, the Sixth Circuit does not cite any procedural barriers to Wagner's exhausting his claims by filing his first post-conviction motion for relief from judgment.

3

At the time Respondent filed her Motion, if the Court had dismissed the Petition without prejudice, Kelly would have had, by Respondent's calculation, until August 30, 2018, to re-file within the AEDPA statute of limitations. That option is now no longer available. Respondent opposes a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), and this Court would be hard-pressed to grant one because he has not shown good cause for his failure to exhaust or demonstrated that his unexhausted claims are potentially meritorious, both of which are required by *Rhines*. *Id.* at 277-78.

On the other hand, Kelly claims he can show good cause for his failure to present these claims in a timely post-conviction petition in the Ohio courts (Reply, ECF No. 6, PageID 328). That question is not before the Court to decide at this time. The proper course is to find that a motion for leave to file a delayed post-conviction petition in the Ohio courts would be futile because Petitioner admits that he cannot meet the requirements of the statute. Once the Motion to Dismiss is denied, Respondent should be required to file a full return of writ raising any defenses she has.

Based on the foregoing analysis, it is respectfully recommended that the Motion to Dismiss be DENIED.

September 17, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).