# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PATRICK KELLY,

        Petitioner,   :   Case No. 2:18-cv-19

- vs -                  District Judge George C. Smith
                                     Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  FRANKLIN MEDICAL CENTER,
                                    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Objections (ECF No. 9) to the Magistrate Judge's Report and Recommendations (ECF No. 8). Petitioner, who is represented by counsel, has responded to the Objections (Reply, ECF No. 10). District Judge Smith has recommitted the case for reconsideration in light of the Objections (ECF No. 11).

Respondent seeks dismissal of the Petition because it is "mixed," containing an unexhausted claim of ineffective assistance of trial counsel and ineffective assistance of appellate counsel (Ground One) along with other grounds which are exhausted (Grounds Two, Three, and Four). The Report concluded that, although this claim could have been presented on direct appeal, it could have been properly raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21, because Petitioner was represented by the same attorney at trial and on appeal. However, it could not now be presented in that way, because the statute of limitations for such a petition had expired (Report, ECF No. 8, PageID 333).

Respondent argued that Petitioner could still file a delayed petition for post-conviction

1

relief if he could meet the stringent requirements of Ohio Revised Code § 2953.23(A)(1), to wit, that he had been "unavoidably prevented" from discovering the relevant facts and that, by clear and convincing evidence, no reasonable factfinder would have found him guilty but for constitutional error at trial. Petitioner's counsel averred he could not meet those requirements (Reply, ECF No. 6, PageID 328).

In the Motion to Dismiss, Respondent had anticipated this argument. Respondent did not point to any evidence in the record which would meet the delayed filing requirements. Instead, Respondent noted whether those requirements can be met is a question of state law and concluded "[e]ven if it is unlikely that the trial court will entertain a post-conviction petition at this late juncture, the federal court should still provide the state court the opportunity to exercise its discretion in favor of the availability of the remedy." (ECF No. 5, PageID 324). Respondent relied for that proposition on *Cunningham v. Hudson*, 756 F.3rd 477, 484-485 (6th Cir. 2014); *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009); *Godbolt v. Russell*, No. 01-4002, 82 F. App'x 447, 450 (6th Cir. 2003); *Mack v. Bradshaw*, No. 1:04 CV 829, 2011 WL 5878395, at *25-26 (N.D. Ohio Nov. 23, 2011); and *Johnson v. Warden, Leb. Corr. Inst.*, No. 1:09-cv-336, 2010 U.S. Dist. LEXIS 72968, at *31 (S.D. Ohio June 23, 2010) (Wehrman, Mag. J.), adopted, 2010 U.S. Dist. LEXIS 72976 (S.D. Ohio Jul. 20, 2010) (Beckwith, J.). *Id.* at PageID 324-25.

Distinguishing that authority, the Report concluded requiring Petitioner to attempt a delayed post-conviction petition would be futile and therefore lack of exhaustion did not bar this Court from proceeding (Report, ECF No. 8, PageID 335).

The Warden objected strongly:

> The Warden objects to the Magistrate Judge's determination that the remedy of a delayed post-conviction petition is unavailable because that decision is reserved to the state courts to make. Kelly failed to support his position that he could not satisfy the statutory exception

for a late petition (ECF No. 6) and the Magistrate Judge appeared to accept Kelly's contention at face value.

(Objections, ECF No. 9, PageID 338). The Warden relied on the authority previously cited and added *Ivey v. Warden, Hocking Corr. Facility*, No. 1:13-cv-914, 2014 U.S. Dist. LEXIS 181630, at *17-19 (S.D. Ohio Nov. 12, 2014) (Litkovitz, Mag. J.), adopted, 2015 U.S. Dist. LEXIS 13191 (S.D. Ohio Feb. 3, 2015) (Black, J.); and *Houston v. Warden, Warren Corr. Inst.*, No. 1:15-cv-722, 2016 U.S. Dist. LEXIS 104081 (S.D. Ohio Jul. 1, 2016) (Wehrman, Mag. J.), adopted, 2016 U.S. Dist. LEXIS 104077 (S.D. Ohio Aug. 8, 2016) (Dlott, C.J.). *Id*. at PageID 338-45.

# Analysis

28 U.S.C. § 2254(b)(1)(B)(i) provides that state remedies must be exhausted unless "there is an absence of available State corrective process." The question of whether a possible state court remedy is actually "available" is, then, a question of federal law. Both parties agree that Petitioner's Ground One is a claim that could have been heard on a petition for post-conviction relief under Ohio Revised Code § 2953.21 if one had been timely filed. Both parties also agree that no such petition was timely filed and that the governing Ohio statute on whether a petition can now be filed is Ohio Revised Code § 2953.23. That statute allows an untimely or successive post-conviction petition only if:

> (1) **Both** of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies

3

> retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Ohio Rev. Code § 2953.23(A) (emphasis added).

To satisfy Ohio Revised Code § 2953.23(A)(1)(a), Kelly would have to prove that he could not have discovered the facts on which he must rely to present his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims before the statute of limitations expired. He plainly cannot do that because those facts – the performance of his attorney at both trial and appeal – were known to him when they occurred and both the trial and the appeal occurred before the statute ran[1].

To satisfy Ohio Revised Code § 2953.23(A)(1)(b), Kelly would have to prove, by clear and convincing evidence, that, absent his attorney's ineffective assistance at trial in "fail[ing] to object to erroneous jury instructions specifically regarding Count 25, i.e. the State RICO charge which were contrary to state law and allowed the jury to convict Petitioner without sufficient evidence and proof on all elements," no reasonable factfinder could have found him guilty of the RICO violation. (Petition, ECF No. 1, PageID 6.)

Petitioner's counsel have asserted he cannot meet that burden. The Warden objects that the Magistrate Judge has taken that assertion "at face value." (Objections, ECF No. 9, PageID 338). That is accurate, but the Court has no merits briefing from the Petitioner on Ground One

---

[1] The one-year statute runs from the filing of the record on appeal. Ohio Revised Code § 2953.21(A)(2).

because the case is held up at this motion to dismiss stage. On direct appeal, the Fourth District Court of Appeals held there was sufficient evidence to support conviction on the charge of engaging in a pattern of corrupt activity. *State v. Kelly*, 2016-Ohio-8582, 77 N.E.3d 388, ¶¶ 10, 89-95 (4th Dist.). At this point, the Court does not know what part of the instruction actually given on engaging in a pattern of corrupt activity Petitioner believes was erroneous, why Petitioner believes it was deficient performance for his trial attorney to fail to object, and how Petitioner believes he was prejudiced by that failure, all of which he would have to prove by clear and convincing evidence even to get in the door on a delayed post-conviction petition. Both of Petitioner's counsel are experienced criminal defense attorneys; Mr. Edwards has long been a member of the capital habeas bar in this Court. Thus, it is not unreasonable to accept "at face value" their assertion that they cannot satisfy Ohio Revised Code § 2953.23(A)(1)(B).

Several Ohio post-conviction remedies have some discretion built into their standards. For example, there is no definite time limit on a motion for delayed appeal. *Board v. Bradshaw*, 805 F.3d 769, 773 (6th Cir. 2015). Ohio R. Crim. P. 33(B) provides that a motion for new trial in an Ohio criminal case must be filed within fourteen days of the verdict or, if based on newly discovered evidence, within 120 days of the verdict. The Rule recognizes an exception to these time limits:

> If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

The text of the Rule, which is unchanged since its adoption in 1973, sets no time limit on filing a motion for leave to file a delayed motion for new trial. In *State v. Pinkerman*, 88 Ohio App. 3d 158 (4th Dist. 1993), the court refused to infer any time limit on such a motion. In *State v. Davis*,

5

131 Ohio St. 3d 1, 2011-Ohio-5028, the Supreme Court of Ohio noted the time limits in the Rule and held Crim. R. 33 does not otherwise limit the time for filing a motion for a new trial based on newly discovered evidence. *Id*. at ¶ 27. Ohio R. App. P. 26(B), which pertains to raising claims of ineffective assistance of appellate counsel, has a definite time limit, but a court of appeals can excuse delay for "good cause," *State v. Fox*, 83 Ohio St. 3d 514, 515 (1998) (*per curiam*).

In marked contrast, Ohio courts have no subject matter jurisdiction over a delayed post-conviction petition unless it meets the Ohio Revised Code § 2953.23 standards. The requirements of that statute are mandatory, and a trial court does not have discretion to disregard them in favor of a late or successive petition; in fact, the bar is jurisdictional. *State v. Cunningham,* 2016-Ohio-3106, 65 N.E.3d 307 (3rd Dist. May 23, 2016) (capital case); *State v. Stojetz*, 12th Dist. Madison No. CA2009-06-013, 2010-Ohio-2544 (Jun. 7, 2010) (capital case); *State v. Fields*, 183 Ohio App. 3d 647 (1st Dist. 2009); *State v. Sanders*, 9th Dist. Summit No. 22457, 2005-Ohio-4267 (Aug. 17, 2005).

Given the stringent jurisdictional requirements for an untimely post-conviction proceeding in general and their highly likely application in this case, can this Court decide that remedy is unavailable, or must it force Petitioner to attempt that remedy?

Relying upon *Cunningham*, Respondent argues that Petitioner must be sent back to state court (Objections, ECF No. 9, Page ID 339-40). *Cunningham* was a capital case before the Sixth Circuit on denial of habeas relief in which the district court had found a juror bias claim was unexhausted and procedurally defaulted. 756 F.3d at 481. The circuit court agreed that the claim was unexhausted "because Cunningham may file a motion for new trial or a second post-conviction petition." *Id.* at 482. Because it could not tell whether the jurors who revealed the relevant facts "years later" would have done so within the fourteen days within which a motion for

6

new trial may be filed of right, the court found

> [W]e cannot determine whether Cunningham can satisfy the requirement to file a late motion for a new trial [proof of unavoidable prevention of discovery] . Given the inability to predict how the Ohio state courts would rule on such a motion, and because the determination of whether a habeas petitioner satisfies a state procedural requirement "is for the state court to make," *Wagner*, 581 F.3d at 419, we conclude that the state remedy of a motion for a new trial may still be available.

*Id.* at 483. As to a second post-conviction petition, it found the record was unclear whether Cunningham was unavoidably prevented[2] from discovering the same facts. It could find only two Ohio cases applying that standard in a juror misconduct case which diverged in their treatment of the "unavoidably prevented" issue. It concluded that "Cunningham may still be able to pursue a second post-conviction petition in state court." *Id.* at 485. It rejected Judge Patricia Gaughan's procedural default finding on the same basis.

The Report distinguished *Cunningham* in part because it was a capital case, where the delay in finality inures to the benefit of the inmate, in contrast to a non-capital habeas case, where the inmate loses another day of liberty for every day the case is not decided (ECF No. 8, Page ID 334). Respondent rejects the distinction: "An inmate under a death sentence arguably has a more urgent need to have his habeas claims heard expeditiously." (Objections, ECF No. 9, PageID 341.) This suggestion would never have come from the Assistant Attorneys General who represent the State in capital cases. Those attorneys routinely and loudly objects to actions by the courts and petitioners' counsel that delay finality. A death row inmate has no urgent need for finality so long as a stay of execution is in place. Jeronique Cunningham remains on death row and does not presently have a scheduled execution date, although the schedule is full through January 2023[3].

---

[2] Note that Ohio's delayed new trial rule and Ohio Revised Code § 2953.23 use the same "unavoidably prevented" language.
[3] Execution Schedule available at http://drc.ohio.gov/execution-schedule, visited November 1, 2018.

7

When Cunningham's case was returned to the Allen County Court of Common Pleas dismissed both the motion for new trial and the successive post-conviction petition. *State v. Cunningham*, supra., at ¶ 8. The Third District Court of Appeals affirmed, noting the jurisdictional bar raised by Ohio Revised Code § 2953.23(A), and the lack of proof on either the "unavoidably prevented" prong and the lack of proof of guilt prong. *Id.* at ¶ 19-23.

In Cunningham's case, the "unavoidably prevented" prong left room for trial court fact finding and weighing. That does not exist in this case where it is indisputable that Kelly knew the relevant facts during trial, as soon as they happened. Treating *Cunningham* as published binding circuit precedent, it does not require sending Kelly back to state court when he cannot possibly satisfy the unavoidably prevented prong.

But *Cunningham* is not the only relevant circuit precedent. In *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013), the circuit court upheld this Court's conclusion that one of the Moore's claims never presented to the Ohio courts was procedurally defaulted because he could not satisfy the requirements of Ohio Revised Code § 2953.23. It did not require this Court to send the case back to state court to determine whether or not Ohio Revised Code § 2953.23 was satisfied. Similarly, in *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006), the circuit court affirmed a procedural default finding when the relevant claim had not been appealed to the Supreme Court of Ohio without requiring the petitioner to first attempt a delayed appeal to that court.

In general, in applying the procedural default doctrine, district courts assume the state courts would apply their ordinary procedural rules to bar a claim without requiring a state court order to that effect. The Sixth Circuit has expressly recognized the propriety of this practice:

> That is, forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer.

8

> Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir. 2004), vacated on other grounds, 545 U.S. 1151 (2005). Thus, there is no ironclad rule in habeas corpus that any state law question which could theoretically be decided by a state court must be sent back to that court to test the theory.

**Conclusion**

Because it is very clear that Kelly cannot prove he was unavoidably prevented from learning the factual predicate of Ground One before the statute of limitations ran, he cannot meet the jurisdictional requirements of Ohio Revised Code § 2953.23. Therefore, the Magistrate Judge again recommends that the Court should conclude Petitioner has no available state court corrective process and deny the Motion to Dismiss.

November 1, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

9

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).