# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PATRICK KELLY,

        Petitioner,    :    Case No. 2:18-cv-19

  - vs -                      District Judge George C. Smith
                                     Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  FRANKLIN MEDICAL CENTER,
                                    :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought by Petitioner Patrick Kelly with the assistance of counsel (ECF No. 1). On Magistrate Judge Deaver's Order (ECF No. 2), Respondent filed the State Court Record (ECF No. 4) and a Motion to Dismiss (ECF No. 5). After District Judge Smith denied that motion, Respondent supplemented the State Court Record (ECF No. 14) and filed a Return of Writ (ECF No. 15). The case has become ripe for decision on Petitioner's filing of his Reply (ECF No. 18).

**Litigation History**

Petitioner, the former Sheriff of Athens County, Ohio, was indicted January 31, 2014, by a grand jury for that county on thirteen counts of theft in office in violation of Ohio Revised Code § 2921.41(A), one count of tampering with records in violation of Ohio Revised Code § 2913.42(A)(1) or (2), one count of tampering with evidence in violation of Ohio Rev. Code §

2921.12(A)(1) or 2921.12 (count 15), one count of perjury in violation of Ohio Rev. Code § 2921.11(A) (count 16), one count of obstructing official business in violation of Ohio Rev. Code § 2921.31(A) (count 17), one count of failure to keep a cashbook in violation of Ohio Rev. Code § 311.13 (count 18), one count of money laundering in violation of Ohio Rev. Code § 1315.55(A)(2) or 1315.99(c) (count 19), one count of dereliction of duty in violation of Ohio Rev. Code § 2921.44 (count 20), four counts of theft in violation of Ohio Rev. Code § 2913.02(A) (counts 21-24), and one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1) (count 25) (Indictment, State Court Record, ECF No. 4, Ex. 1, PageID 24-34).

Kelly was convicted by a jury on twelve counts of theft in office, perjury, failure to keep a cashbook, three counts of theft and engaging in a pattern of corrupt activity, and acquitted on the remaining counts. He was then sentenced to seven years imprisonment.

Still represented by his trial attorney, Kelly appealed to the Ohio Fourth District Court of Appeals which affirmed the convictions and sentence. *State v. Kelly*, 4th Dist. Athens No. 15CA11, 2016-Ohio-8582 (Dec. 30, 2016), appellate jurisdiction declined, 149 Ohio St. 3d 1421 (2017). The Petition was then filed January 8, 2018, pleading the following grounds for relief:

> **Ground One**: The deficient performance of trial and appellate counsel deprived Petitioner of his 6th and 14th Amendment right to the effective assistance of counsel and trial by jury under the 5th and 14th Amendment.
>
> **Supporting Facts:** Defense counsel failed to object to erroneous jury instructions specifically regarding Count 25, i.e. the State RICO charge which were contrary to state law and allowed the jury to convict Petitioner without sufficient evidence and proof on all elements.
>
> **Ground Two:** Petitioner's conviction for the State RICO charge is not supported by sufficient evidence to satisfy the due process requirements of the 5th and 14th Amendments.

**Supporting Facts:** Insufficient evidence was adduced at trial that Petitioner was associated or employed with any enterprise and that he participated in the affairs or the enterprise through a pattern of corrupt activity. The Ohio Supreme Court has construed the statute as requiring the existence of an enterprise distinct from the pattern of racketeering activity. Due to the evidence presented coupled with the court's instruction, Petitioner's due process rights were violated.

**Ground Three**: Petitioner's conviction for perjury is not supported by sufficient evidence to satisfy the due process requirements of the 5th and 14th Amendments.

**Supporting Facts**: Insufficient evidence was adduced at trial that Petitioner falsely [sic] at a Pre-trial hearing regarding his compliance with a subpoena for records on confidential informants. Evidence existed that the State already possessed the information contained on Petitioner's computer and that his testimony was accurate based upon his personal belief and knowledge possessed at the time thereof.

**Ground Four:** The trial court's erroneous jury instructions as to the RICO charge violated Petitioner's Due Process rights to a fair trial under the 5th, 6th, and 14th Amendments to the U.S. Constitution.

**Supporting Facts:** The trial court's jury instructions as to Count 25 qwew [*sic*] erroneous. The instructions allowed the jury to convict Petitioner without sufficient evidence. In addition, the court failed to correctly instruct the jury that it needed to find Petitioner was a member of an enterprise and committed crimes through the enterprise.

(Petition, ECF No. 1, PageID 6, 8, 9, 11.)

# Analysis

Grounds Four and One both relate to claimed error in the jury instructions and are thus considered here together.

**Ground Four: Erroneous Jury Instructions on the RICO Count**

In his Fourth Ground for Relief, Petitioner asserts the trial court's jury instructions on Count 25, the State RICO count, were erroneous. He claims there are "two fundamental (and related) constitutional problems with the instructions in Petitioner's case." (Reply, ECF No. 18, PageID 2755). The first relates to the jury's question during deliberations and the definition of the statutory element of "enterprise." *Id.* The second is the failure of the trial court to "instruct the jury on the essential elements of the offense." *Id.* at PageID 2757.

### 1. Claim of Error in the Instruction on "Enterprise"

Kelly raised as his Fifth Assignment of Error on direct appeal the following: "The trial court erred in instructing the jury in response to a question during deliberations." The Fourth District decided that assignment of error as follows:

> {¶ 85} In his fifth assignment of error Kelly claims that the trial court erred in instructing the jury in response to the jury's question. Kelly argues that the trial court erred in rejecting his request to instruct the jury that acting alone, he could not constitute an "enterprise" for purposes of the crime of engaging in a pattern of corrupt activity. Instead the trial court reiterated its instruction that the legislative definition of "enterprise" for engaging in a pattern of corrupt activity included any individual, organization, or association.
>
> {¶ 86} A jury instruction must present a correct, pertinent statement of the law that is appropriate to the facts. *State v. Barry,* 145 Ohio St. 3d 354, 2015-Ohio-5449, 49 N.E.3d 1248, ¶ 25. Thus, "[r]equested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction." *State v. Adams*, 144 Ohio St. 3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240. "Our review concerning whether jury instructions correctly state the law is de novo." *State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 15.

> {¶ 87} Engaging in a pattern of corrupt activity is defined in R.C. 2923.32(A), which provides in subsection (1) that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." "'Enterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." (Emphasis added.) R.C. 2923.31(C).
>
> .
>
> {¶ 858} "The definition of 'enterprise' is remarkably open-ended." *State v. Beverly*, 143 Ohio St. 3d 258, 2015-Ohio-219, 37 N.E.3d 116, ¶ 8. From its plain statutory definition, the General Assembly defined "enterprise" broadly to encompass even a single individual. See *State v. Sands,* 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981, ¶ 148; *State v. Francis,* 3d Dist. Mercer No. 10-08-02, 2008-Ohio-2605, ¶ 10; *State v. Kersey*, 2d Dist. Miami No. 98 CA 13, 1999 Ohio App. LEXIS 109, 1999 WL 22652, *4 (Jan. 22, 1999); *State v. Habash,* 9th Dist. Summit No. 17071, 1996 Ohio App. LEXIS 281, 1996 WL 37747, *5 (Jan. 31, 1996). Because it was not a correct statement of the law, the trial court correctly rejected Kelly's requested instruction that he could not by himself constitute an "enterprise" for purposes of engaging in a pattern of corrupt activity. We overrule Kelly's fifth assignment of error.

*State v. Kelly, supra.* Kelly preserved this asserted error in his *pro se* appeal to the Supreme Court of Ohio (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Ex. 15, PageID 226). Ground Four as stated in the Petition refers in the Supporting Facts to error with respect to the statutory element of "enterprise."

Petitioner devotes less than a page in his Reply to arguing this claim and does so only by incorporating the arguments he made on direct appeal (Reply, ECF No. 18, PageID 2755-56.) Nowhere in his Fifth Assignment of Error did Kelly assert the trial judge's rejection of his proposed definition of "enterprise" was unconstitutional and the Fourth District's decision does not purport to decide that question. Instead, he argued his proposed instruction was an accurate statement of

Ohio law.[1] The Fourth District decided it was not an accurate statement. *State v. Kelly, supra*, at ¶ 88.

A federal court in a habeas case must accept a state court's interpretation of state law. *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Maldonado v. Wilson*, 416 F.3d 470, 475-76 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999), abrogated on other grounds as recognized in *Mackey v. Dutton*, 217 F.3d 399, 406 (6th Cir. 2000); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

In any event, the correctness of a jury instruction very rarely raises a federal constitutional question. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Waddinngton v. Sarausad,* 555 U.S. 179, 192-94 (2009); *Henderson v. Kibbe,* 431 U.S. 145, 156-57 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The category of infractions that violate fundamental fairness is very narrow. *Levingston v. Warden*, 891 F.3d 251, 255 (6th Cir. 2018), citing *Dowling v. United States*, 493 U.S. 342, 352 (1990).

---

[1] Under Ohio law a trial judge must give a proffered instruction verbatim or in substance if it is an accurate statement of the law. *State v. Nelson*, 36 Ohio St. 2d 79 (1973), paragraph one of the syllabus, overruled on other grounds by *State v. Fanning*, 1 Ohio St. 3d 19, 21 (1982).

Petitioner's argument that the Supreme Court of Ohio has usually followed United States Supreme Court precedent in defining the elements of an Ohio RICO claim does not change this result. The United States Supreme Court has never imposed that result on the States as a matter of constitutional law.

The first part of Ground Four should therefore be dismissed.

**2. Claim that the RICO Instructions Fail to Include the Essential Elements of the Crime**

In his Reply, Petitioner asks the Court to adjudicate a much broader claim of error in the RICO instruction. He begins by asserting:

> The trial court's jury instruction on the charge of Engaging in a Pattern of Corrupt Activity was incomplete, inadequate, and constitutionally deficient. Ohio law requires nothing less than a complete instruction containing the statutory elements of the offense and corresponding definitions of the elements. Federal constitutional law requires the same. Here, the trial court instruction was insufficient and deprived Petitioner of Due Process under established Supreme Court precedent.

(Reply, ECF No. 18, PageID 2751). He then offers what he argues are the required elements of a valid Ohio RICO instruction, "distilled" from *State v. Miranda*, 138 Ohio St. 3d 184, 2014-Ohio-451; *State v. Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767[2]; and *State v. Beverly*, 143 Ohio St. 3d 228, 2015-Ohio-219:

> 1. The instruction must include in its "essence" all the essential elements of the offense (that the defendant while employed by or associated with any enterprise conducted or participated in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.

---
[2] Miscited at PageID as appearing at 995 N.E. 2d 1212; the correct Northeast Reporter citation is 24 N.E.3d 1147.

> 2. The instruction must, at a minimum, provide the statutory definitions of the elements (including, inter alia, the elements of "enterprise" and "pattern of corrupt activity").
>
> 3. Ohio Courts need not provide the more detailed definitions of "enterprise" and "pattern of corrupt activity" set forth in relevant federal caselaw.
>
> 4. The jury must be instructed that the State must prove each and every element beyond a reasonable doubt.
>
> 5. The elements of "enterprise" and "pattern of corrupt activity" are separate, and the law requires proof of each beyond a reasonable doubt. But the same evidence can be used to prove each element.
>
> 6. Ohio Courts, while not bound by federal law, have followed the federal lead regarding the elements and instructions on its RICO law.

(Reply, ECF No. 18, PageID 2754, citing *Beverly* at ¶ 20; *Griffin* at ¶¶ 2 and 13; *Miranda* at ¶ 13). Petitioner then proceeds to argue this second constitutional problem with the instructions for fourteen pages. *Id*. at PageID 2756-69.

This second claim relating to the instructions is not properly before this habeas corpus court. The omission was plainly of record at trial, but the omission was not raised on direct appeal to the Fourth District or further appeal to the Ohio Supreme Court. Because Petitioner had the same attorney on direct appeal as at trial, he could have brought it in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but he never filed such a petition and the Court has already determined the Ohio courts would not accept a late filing under Ohio Revised Code § 2951.23.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual bases of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d

1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004), abrogated on other grounds by *Johnson v. Williams*, 568 U.S. 289 (2013); accord: *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001) ("relatedness" of a claim will not save it). Here Petitioner's claim that the instructions were incomplete because they did not include the elements of a RICO count is related to the claimed error in responding to the jury's question, but rests on different legal theory and precedent.

This incompleteness claim is not even fairly presented in the pleadings here. There is no hint of such a claim in the Petition, and a new claim may not be added to a habeas case by way of the traverse/reply. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); see also *Jaloweic v. Bradshaw*, 657 F.3d 293, 312 (6th Cir, 2011); *Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009). Petitioner recognizes that lack of fair presentation can give rise to procedural default of a claim (Reply, ECF No. 18, PageID 2765). He argues that the trial court had an opportunity to correct its

error when the jury sent the question about defining "enterprise." *Id.* at PageID 2765-66. Similarly, the Fourth District could have reviewed all the instructions and *sua sponte* reversed for this plain error omission. *Id.* at PageID 2766-67. Finally, the issue is said to have been preserved because Petitioner cited federal constitutional law and the Due Process Clause on appeal to the Supreme Court of Ohio. *Id*. at PageID 2767-68. These arguments are unpersuasive. Our judicial system is an adversary one, relying on the parties to raise claims that the courts then resolve. Thus "fair presentation" cannot be equated with "fair opportunity for the courts to intervene *sua sponte*." Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (same).

Petitioner also argues his procedural default in fairly presenting these claims can be excused by the ineffectiveness of his attorney both at trial and on direct appeal (Reply, ECF No. 18, PageID 2768-69, citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986). While ineffectiveness of counsel can excuse a procedural default, the ineffectiveness claim must itself be properly presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). No claim of ineffective assistance of trial counsel or ineffective assistance of appellate counsel regarding the incomplete RICO instructions has ever been presented to the Ohio courts.

The second part of Ground Four relating to the completeness of the RICO instructions should therefore be dismissed as procedurally defaulted.

**Ground One: Ineffective Assistance of Trial and Appellate Counsel**

In his First Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney failed to object to erroneous RICO instructions. As noted above under Ground Four, the ineffective assistance of trial counsel claim is procedurally defaulted because never presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21. It is not clear to the Court that a separate claim of ineffective assistance of appellate counsel is actually being made, but if so, it is also procedurally defaulted by failure to present it to the Fourth District in an Application to Reopen under Ohio R. App. P. 26(B).

**Ground Two: Insufficient Evidence of the RICO Violation**

In his Second Ground for Relief, Petitioner asserts there was insufficient evidence presented at trial to convict him on the RICO charge, Count 25.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the

> testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991), superseded by statute and constitutional amendment on other grounds. Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v.*

*Palmer*, 541 F.3d 652, 656 (6th Cir. 2008); accord *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

Insufficiency of the evidence on the RICO charge was Kelly's sixth assignment of error on direct appeal and the Fourth District decided it as follows:

> F. Engaging in a Pattern of Corrupt Activity: Sufficiency of the Evidence
>
> **{¶ 89}** In his sixth assignment of error Kelly asserts that there was insufficient evidence to convict him of the crime of engaging in a pattern of corrupt activity. Kelly claims that the state's theory at trial was that he engaged in a pattern of corrupt activity with Pearl Graham and McKee Auto Parts for selling county property to McKee, but that there was no evidence that Graham and McKee were operating with the same common illicit purpose as Kelly. Thus, Kelly argues that the state failed to establish beyond a reasonable doubt that he was associated with any enterprise that was engaging in a pattern of corrupt activity.

{¶ 90} Kelly is correct that in its closing argument the state contended that Kelly had engaged in a pattern of corrupt activity with Pearl Graham and McKee Auto Parts. And the trial court instructed the jury that the state so alleged. However, we reject Kelly's contention for several reasons.

{¶ 91} First, a reviewing court's limited determination in a sufficiency-of-the-evidence challenge is not dependent upon what the parties argued at trial or how the jury was instructed. Instead, we consider only the legal question of whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Musacchio*, ---U.S. ----, 136 S.Ct. 709, 715, 193 L.Ed.2d 639 ("A reviewing court's limited determination on sufficiency review thus does not rest on how the jury was instructed").

{¶ 92} Second, any error in the state's argument was corrected by the trial court's instruction that the arguments of counsel were not evidence. *State v. Pickens*, 141 Ohio St. 3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 120. The jury was not restricted to the content of the state's closing argument. As the trial court explained in discussing its answer to the jury question concerning the definition of "enterprise," Kelly's association with his office of sheriff or his campaign committee could reasonably support the crime of engaging in a pattern of corrupt activity. *See State v. Agner*, 135 Ohio App.3d 286, 291, 1999 Ohio 918, 733 N.E.2d 676 (3d Dist.1999) ("although we acknowledge that the definition of enterprise includes an individual or sole proprietorship, we also find it equally significant that the crime of engaging in a pattern of corrupt activity requires that *the offender be employed by or associated with* such an entity" [emphasis added]); *State v. Weiss*, 3d Dist. Union No. 14-03-24, 2004-Ohio-1948, ¶ 29. There was sufficient evidence that Kelly acted in association with his official capacity as sheriff and his campaign committee for the jury to find him guilty of this crime. *See State v. Clayton*, 2d Dist. Montgomery No. 22937, 2009-Ohio-7040, ¶ 40-45 (rejecting defendant's argument that he could not be convicted of engaging in a pattern of corrupt activity when he was merely associating with himself because he acted through a separate and distinct entity in his role as president and owner of a real estate title agency).

{¶ 93} Third, the "pattern of corrupt activity" required for this offense is "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the

> same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E). In its verdict finding Kelly guilty of this offense, the jury did not limit its findings to those that involved the scrap yard sales involving Graham and McKee Auto Parts. Rather, it included all of the offenses it found him guilty of.
>
> **{¶ 94}** Finally, because the term "enterprise" includes an individual, the potential innocence of Graham or McKee Auto Parts would not necessarily preclude Kelly's conviction of the crime. However, the evidence, which included Graham's declaration that he would help hide the body if Kelly killed someone, as well as Graham's storage of county property on his land and his theft of copper wire, were sufficient evidence for the jury to infer that Kelly and Graham were involved in an illicit scheme to obtain money from the sale of county property.
>
> **{¶ 95}** Therefore, there was sufficient evidence to support Kelly's conviction for engaging in a pattern of corrupt activity. We overrule his sixth assignment of error.

*State v. Kelly, supra.*

Petitioner's argument on this Second Ground again focuses on the definition of "enterprise" in the statute (Reply, ECF No. 18, PageID 2774-76). The gravamen of the Fourth District's decision on this claim is that, even if the prosecutor misstated the elements during closing argument, that error was corrected by the jury instructions, including the trial judge's answer to the jury's question during deliberations. 2016-Ohio-8582, at ¶ 92. In addition, the facts about Graham gleaned from the evidence which are recited by the Fourth District, *id.* at ¶ 94, are sufficient to support the conviction; they undermine Petitioner's claim in the Reply that Graham was conducting his own affairs (ECF No. 18, PageID 2775).

The Fourth District's decision is not an objectively unreasonable application of *Jackson, supra.* The Second Ground for Relief should therefore be dismissed.

**Ground Three: Insufficient Evidence of Perjury**

In his Third Ground for Relief, Petitioner asserts there was insufficient evidence presented at trial to convict him of perjury. He presented this claim to the Fourth District on direct appeal and that court decided the claim as follows:

> D. Perjury: Sufficiency of the Evidence
>
> {¶ 76} In his fourth assignment of error Kelly argues that there was insufficient evidence to convict him of perjury. R.C. 2921.11(A) prohibits knowingly making, swearing, or affirming the truth of a false statement when the statement is material.
>
> {¶ 77} The state presented evidence that at a pretrial hearing to determine Kelly''s compliance with a subpoena, Kelly had testified repeatedly under oath that he had provided all documents in the sheriff's office's possession. But notwithstanding his sworn representations, Kelly failed to provide an electronic document on his office desktop computer that purported to document his payments to confidential informants.
>
> {¶ 78} Kelly initially claims that his testimony at the pretrial hearing that he had provided all of his records concerning payments to confidential informants was made only "to the best of his knowledge." Because of that qualifier he argues he could not be convicted of perjury.
>
> {¶ 79} We reject Kelly's claim. First, only one of his sworn statements at the pretrial hearing was prefaced by the qualifying language "[t]o the best of my knowledge." In two other statements made during his sworn testimony, Kelly testified without that qualifying language that he did not have any other documents or files concerning payments of public money to confidential informants in his possession. Second, Kelly cites no authority and we are aware of none that the prefatory language "to the best of my knowledge" insulates a person from a subsequent perjury conviction. *See, e.g., Annotation, Statement of Belief or Opinion as Perjury*, 66 A.L.R.2d 791, Section 2 (1959) ("The law will not permit one to shield himself against criminal liability for a statement which is knowingly and corruptly false by making it ostensibly as a matter of belief or opinion"); *see also State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014-Ohio-3389, ¶ 4, 34, citing App.R. 16(A)(7) (court can summarily reject argument in assignment of

error that is not supported by any legal authority). Third, the jury was free to determine that Kelly lied in the pretrial hearing when he testified that to the best of his knowledge he had provided all the requested records he had i.e., the jury was free to discredit any claim of an innocent mistake due to the large number of documents involved. The jury could have reasonably inferred that even though the document was not damaging to him, he had a reason to withhold it, e.g. in spite of being warned by the court not to have surprise documents "magically appear" later, Kelly intended to do just that.

{¶ 80} Kelly next claims that his statements were not material because he had already provided two other documents that, when combined, contained the same information as that contained on the document he failed to disclose.

{¶ 81} "A falsification is material, regardless of its admissibility in evidence, if it can affect the course or outcome of the proceeding." R.C. 2921.11(B). The proceeding before the trial court was to gauge the sheriff's compliance with a subpoena for these records so Kelly's false statements affected the course of the proceeding. If he had accurately informed the trial court that he had failed to provide the "list.pdf" document at that proceeding, the court could have found him in contempt or ordered that he provide the state with immediate access to it. Kelly's subsequent argument that he had provided the same type of information in two separate documents would thus not necessarily render his false statements immaterial. "It is no defense to a charge under this section that the offender mistakenly believed a falsification to be immaterial." R.C. 2921.11(B).

{¶ 82} In addition the evidence was conflicting at trial about whether the information in the "list.pdf" document was contained in two other documents that had been provided by Kelly to the state. Although Kelly cites the testimony of BCI agent Cooper that the list.pdf document contained the same information as the other two documents, BCI forensic analyst Kaizar testified otherwise. The jury could properly credit Kaizar's testimony in this regard. Our own review of the list.pdf document establishes that it includes some information that is not contained in either of the other two documents provided by Kelly to the state.

{¶ 83} Therefore, Kelly's perjury conviction was supported by sufficient evidence. We overrule his fourth assignment of error.

*State v. Kelly, supra.*

Petitioner first argues that there was insufficient evidence of the materiality of his allegedly

perjurious statement (Reply, ECF No. 18, PageID 2777-78). Testimony at trial was in conflict as to whether the missing document (file name list.pdf) contained the same information or different information from another document that Petitioner did provide. Conceding that the jury was free to credit the testimony that it was different, Kelly argues "the ambiguity itself is relevant to the essential element of 'materiality.'" *Id.*. at PageID 2778.

The proceeding in which the alleged perjury occurred was a pretrial proceeding to determine if Kelly had complied with a subpoena. Failure to comply with a subpoena can be punished as a contempt of the issuing court. It is undisputed that Kelly had no as of the time of the hearing produced list.pdf, but he told the Court he had produced all the documents called for by the subpoena. Since list.pdf was eventually found on his office computer, the statement that he had produced all documents was obviously false. As the Fourth District found, if Kelly had truthfully testified he had not produced all the subpoenaed documents, the trial court could either have held him in contempt for not doing so or "ordered that he provide the state with immediate access" to the desktop computer. *State v. Kelly,* 2016-Ohio-8582 ¶ 81. Instead, after the state found out the testimony was not true, it had to take other steps to get the subpoenaed documents. Hence, the falsehood was material to the proceeding in which it occurred, the return on the subpoena. The Fourth District reasonably determined that factual question.

Second, Kelly argues his prefatory comment, conditioning his representation to the court as true "to the best of my knowledge," prevents his conviction for perjury (Reply, ECF No. 18, PageID 2778). The Fourth District rejected this defense because the prefatory comment was made as to only one of the three statements alleged to be perjurious. *State v. Kelly,* 2016-Ohio-8582, at ¶ 79. Moreover, the Fourth District noted Kelly had cited no authority shielding from prosecution representations made with such a prefatory comment. *Id.* Kelly now argues that the *mens rea* for

perjury is that the offender act knowingly and there is no proof that Kelly's statement about the state of his knowledge was untrue (Reply, ECF No. 18, PageID 2779). However, while Kelly raised insufficiency of the evidence as an assignment of error on direct appeal, it was insufficiency as to the elements of falsehood and materiality. No claim was made of insufficiency of the evidence on *mens rea*. Kelly has procedurally defaulted that claim by failing to fairly present it to the state courts.

The Fourth District's decision on this fourth assignment of error was not contrary to nor an objectively unreasonable application of *Jackson*. The Third Ground for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition for Writ of Habeas Corpus be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 26, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).