# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PATRICK KELLY,

          Petitioner,       :      Case No. 2:18-cv-19

   - vs -                          District Judge George C. Smith
                                    Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  FRANKLIN MEDICAL CENTER,
                                     :

          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 19). Kelly has been represented by counsel throughout these proceedings and they filed the Objections on his behalf. District Judge Smith has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 24). Respondent's time to reply to the Objections has expired and none has been filed.

Petitioner Patrick Kelly is the former Sheriff of Athens County, Ohio. He was convicted by a jury on twelve counts of theft in office, perjury, failure to keep a cashbook, three counts of theft and engaging in a pattern of corrupt activity and sentenced to seven years imprisonment. After exhausting state court remedies, he filed his Petition here in January 2018, pleading four grounds for relief.

**The Report's Analysis and Conclusions**

Ground One asserted Kelly received ineffective assistance of trial counsel when his trial attorney did not object to the RICO[1] instructions. The Report recommends dismissing this ground as procedurally defaulted because it was never raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Report, ECF No. 19, PageID 2792).

Ground Two asserted there was insufficient evidence to convict on the RICO count. The Report concluded that the Fourth District Court of Appeals decision on this issue was not an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), which states the standard for insufficient evidence claims (Report, ECF No. 19, PageID 2796). Kelly does not object to this conclusion.

Ground Three asserted there was insufficient evidence to convict Kelly of perjury. The Report reached the same conclusion on this Ground as on Ground Two (ECF No. 19, PageID 2800). Kelly also does not object to this conclusion.

Ground Four, **as pleaded in the Petition**, claimed that the trial judge, in response to a jury question during deliberations, failed to give a proffered definition of the term "enterprise" in the corrupt activity statute. The Report noted that this was purely a question of Ohio state law on which a habeas court is bound by the state court decision that the proffered instruction was not a correct statement of Ohio law. The Report also noted that Kelly had not argued this issue as a matter of constitutional law on appeal and the Fourth District had not considered it to be one (ECF

---

[1] Kelly was indicted and convicted of engaging in a pattern of corrupt activity, the Ohio parallel to the federal Racketeer Influenced and Corrupt Organizations (RICO) statute. 18 U.S.C. §§ 1961-68

No. 19, PageID 2786-87). The Report recommended that Ground Four as pleaded in the Petition should be dismissed for failure to state a claim on which habeas corpus relief can be granted. *Id*. at PageID 2788.

The Report had to contend with a much broader argument about the corrupt activity instruction, which was not raised until the Reply:

> The trial court's jury instruction on the charge of Engaging in a Pattern of Corrupt Activity was incomplete, inadequate, and constitutionally deficient. Ohio law requires nothing less than a complete instruction containing the statutory elements of the offense and corresponding definitions of the elements. Federal constitutional law requires the same. Here, the trial court instruction was insufficient and deprived Petitioner of Due Process under established Supreme Court precedent.

(Reply, ECF No. 18, at PageID 2751.)

The Report noted that this claim was not pleaded in the Petition and that new claims in habeas cannot be raised in a traverse or reply (Report, ECF No. 19, PageID 2790, citing *Tyler v. Mitchell*, 416 F.3d 500, 505 (6th Cir. 2005)). The Report also found the claim was procedurally defaulted because it had never been presented to the state courts and recommended that it be dismissed on that basis as well. *Id.* at PageID 2791.

**Petitioner's Objections**

Petitioner's Objections are not organized around his four Grounds for Relief. Rather, he asserts his failure to raise the "incomplete instructions" version of Ground Four is the result of ineffective assistance of trial counsel and is excused on that basis (Objections, ECF No. 23, PageID

2809). Further, he says, his failure to raise that claim of ineffective assistance of trial counsel in a post-conviction petition is excused by the failure of his appellate counsel to advise him about filing a post-conviction petition. *Id.* To evaluate Petitioner's position requires examining the litigation history on this claim very closely.

The substantive claim of constitutional error is that the trial judge "did not instruct the jury on the essential elements of the case." (Reply, ECF No. 18, PageID 2757). The Reply in this habeas case is the first time Petitioner has raised that claim in any court. Petitioner states the claim more fully later in the Reply:

> Thus, under the Ohio Supreme Court interpretation of Ohio Rev. Code§ 2923.32, the trial court failed to instruct the jury on the most essential elements of the offense. Although the court told the jury that Petitioner was charged with Engaging in a Pattern of Corrupt Activity and defined a few of the main elements, it left out crucial elements that form the basis of the crime. It left out that Petitioner had to be "employed by or associated with" the enterprise. It left out that Petitioner had to "conduct or participate in, directly or indirectly, the affairs of the enterprise." And it left out that the corrupt activity alleged had to be linked to the enterprise. In other words, it left out the critical connection that defines RICO-that Petitioner's alleged "pattern of corrupt activity" stemmed from the enterprise and the "corrupt activity" flowed "through" the enterprise.

*Id.* at PageID 2758. The Reply provides a lengthy argument about why this omission is unconstitutional, and why it is a structural error not subject to harmless error analysis. *Id.* at PageID 2760-64. This argument on the merits, presented for the first time in a habeas corpus reply pleading, has never been tested in the crucible of adversary presentation: it was never presented in the state courts at all and only presented here after the Warden filed the Return of Writ, the State's only opportunity to argue a habeas case.

The Objections never respond to this point, which was given in the Report as a basis for

4

not considering this claim on the merits (Report, ECF No. 19, PageID 2789-90). In particular, Petitioner never sought to amend the Petition to add this claim. A motion to amend would have given the State an opportunity to respond on the merits. More importantly, it would have given the State a chance to raise the statute of limitations defense. Kelly's conviction became final on appeal when the Supreme Court of Ohio declined appellate jurisdiction on May 31, 2017. *State v. Kelly*, 149 Ohio St. 3d 1421. The AEDPA one-year statute of limitations began to run ninety days later (August 29, 2017) when Kelly's time to file for certiorari in the United States Supreme Court expired. Sup.Ct.R. 13. The statute then ran for one year until it expired on August 29, 2018, 28 U.S.C. § 2244(d)(1), almost six months before the Reply was filed on February 19, 2019. Although the original Petition was timely filed, the pendency of a habeas petition does not toll the statute as to unpleaded claims. *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Timeliness under the AEDPA must be analyzed on a claim-by-claim basis. *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), abrogated in part on other grounds by *Magwood*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015).

The Report also recommended that Ground Four as pleaded in the Reply be dismissed as procedurally defaulted by failure to properly present it to the state courts (ECF No. 19, PageID 2791). Petitioner objects that all of his failures to present this claim in the state courts are excused by ineffective assistance of counsel at each point where the claim might have been presented. Each such possible point of presentation must be examined in turn.

Trial counsel should have made a contemporaneous objection when the instructions were

5

given as they were,[2] but did not do so. Both the allegedly erroneous instructions and trial counsel's failure to object could have been raised on direct appeal because the necessary evidence was of record. This claim was not raised on appeal, but under Ohio law, an attorney who was trial counsel and remains on the case on appeal is not expected to raise his own trial ineffectiveness as an issue on appeal on appeal. *State v. Lentz*, 70 Ohio St. 3d 527, 529-530, 533 (1994). The effect of this rule is that the trial ineffectiveness claim can be raised in a petition for post-conviction relief without being met by the *res judicata* defense which would otherwise bar a claim which could have been raised on direct appeal.

Kelly did not raise this claim in a post-conviction petition, and in fact never filed such a petition at all. As the Objections note, early in this case, Respondent moved to dismiss on the grounds that Kelly's ineffective assistance claims in Ground One was unexhausted because a post-conviction petition had never been filed but a delayed petition was possible under Ohio Revised Code § 2953.23 (ECF No. 23, PageID 2810, citing Motion to Dismiss, ECF No. 5). The undersigned recommended denying the Motion to Dismiss because Kelly could not meet the jurisdictional requirements of that statute (ECF Nos. 8 and 12). Kelly opposed the Motion to Dismiss on the express grounds the Court adopted, but added the excuse that he could overcome his procedural default in not filing a post-conviction petition because his attorney "'failed to inform him of his right to file a Petition for Post-Conviction Relief'" and "[h]is appellate attorney (the same as his trial attorney, was thus ineffective in that regard[.]" (Objections, ECF No. 23, PageID 2810-11, quoting Resp. in Opposition to Motion to Dismiss, ECF No. 6, PageID 328-29.)

---

[2] This assumes, arguendo, the merits of Kelly's substantive claim.

We have only the word of Kelly's habeas counsel that trial/appellate counsel did not tell Kelly about his Ohio post-conviction rights. That asserted fact has nowhere been submitted in evidentiary form to this Court or to any state court. Kelly asks this Court to find that necessary fact without having presented any evidence to support it.

But assuming the truth of that fact, the question is also its legal effect. Ineffective assistance of counsel will excuse a procedural default, but only in a proceeding in which one is constitutionally entitled to effective assistance. "The right to appointed counsel extends to the first appeal of right and no further." *Riggins v. Turner*, No. 95-4027, 1997 U.S. App. LEXIS 6115, at *5 (6th Cir. Mar. 27, 1997), citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); accord *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective counsel);; *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). Kelly acknowledges this by citing *Coleman v. Thompson* (Objections, ECF No. 23, PageID 2811-12, citing 501 U.S. 722 (1991)), which is to the same effect.

Kelly argues there is "an important exception to this rule," citing *McClain v. Kelly*. (Objections, ECF No. 23, PageID 2812, citing 631 F. App'x 422 (6th Cir. 2015)). Judge Boggs explained in *McClain* that the Sixth Circuit had held in *Gunner v. Welch,* 749 F.3d 511 (6th Cir. 2014), that appellate counsel has a duty to inform a client of the deadline for filing for post-conviction relief and of the date that triggers the time limit for filing (i.e., filing of the transcript on appeal). Recognizing that *Gunner* had applied *Martinez v. Ryan*, 566 U.S. 1 (2012), to Ohio post-conviction process under Ohio Revised Code § 2953.21, the *McClain* Court declined to

extend that analysis to Ohio App. R. 26(B) proceedings, as doing so "would conflict with binding circuit precedent." 631 F. App'x at 436, citing *Gunner*, 749 F.3d at 519.

The Magistrate Judge agrees that, upon proper proof, Kelly's excuse for not filing a post-conviction petition would come within the rationale of *Gunner*. But to take advantage of Gunner, Kelly must have (1) pleaded his incomplete RICO instruction claim in the Petition or amended the Petition to add that claim before the statute of limitations expired, and (2) presented persuasive evidence that his appellate attorney did not advise him about Ohio Revised Code § 2953.21 or that he did not otherwise learn of it. He has not done either of these things.

**Certificate of Appealability**

Kelly objects to the Magistrate Judge's conclusion that he should not be granted a certificate of appealability, claiming that the issues he presents are "substantive and constitutional" and "appellate courts have grappled with similar issues and reached conclusions favorable to Petitioner." (ECF No. 23, PageID 2815). The test, however, is whether reasonable jurists would disagree with the Magistrate Judge's conclusions. The conclusion that Kelly has presented no evidence on what his appellate attorney told him about post-conviction is evident from the face of the record. The conclusion that a habeas petitioner may not raise a new claim in a reply pleading filed after the statute has run is supported by binding circuit precedent, and Petitioner has presented no jurist who disagrees.

**Conclusion**

Petitioner makes no objection to the recommended dismissal of Ground Two and Three or of Ground Four as originally pleaded. Kelly's Ground Four as raised in the Reply should be dismissed because it was raised after the statute of limitations expired and without evidence of the alleged excusing cause. Because Kelly has not shown that reasonable jurists would not disagree with these conclusions, he should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 10, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).