# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PATRICK KELLY,

      Petitioner,

  - vs -

      Case No. 2:18-cv-19
      Judge George C. Smith
      Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  FRANKLIN MEDICAL CENTER,

      Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations (ECF No. 19) and his Objections (ECF No. 33) to the Magistrate Judge's Supplemental Report and Recommendations after recommittal (ECF No. 25).

Specific objections to a Magistrate Judge's Report and Recommendations on the merits of a habeas corpus case are to be reviewed by the District Court *de novo* under Fed.R.Civ.P. 72(b). Having conducted that *de novo* review, the Court finds the objections are without merit and are hereby OVERRULED.

## I. PROCEDURAL HISTORY

Petitioner Patrick Kelly is a former Sheriff of Athens County, Ohio. who was indicted January 31, 2014, on thirteen counts of theft in office, four counts of theft, and one count each of tampering with records, tampering with evidence, perjury, obstructing official business, failure to keep a cashbook, money laundering, dereliction of duty, and engaging in a pattern of corrupt

activity (Indictment, State Court Record, ECF No. 4, Ex. 1, PageID 24-34).

Kelly was convicted by a trial jury on twelve counts of theft in office, perjury, failure to keep a cashbook, three counts of theft and engaging in a pattern of corrupt activity, and acquitted on the remaining counts. He was then sentenced to seven years imprisonment. The convictions were affirmed on appeal. *State v. Kelly*, No. 15CA11, 2016-Ohio-8582 (Ohio App. 4th Dist. Dec. 30, 2016), appellate jurisdiction declined, 149 Ohio St. 3d 1421, 2017-Ohio-4038.

With the assistance of counsel, Kelly then filed his Petition for Writ of Habeas Corpus in this Court, pleading four grounds for relief. The Magistrate Judge recommended dismissal of all grounds, both originally and then on recommittal (ECF Nos. 19, 25). Kelly filed Objections to each Report (ECF No. 23, 33). The Court considers the Grounds for Relief in the order considered by the Magistrate Judge.

**A.     Ground Four:  Erroneous Jury Instructions on the RICO Count**

The most serious charge in the Indictment was in Count 25, engaging in a corrupt enterprise. In his Fourth Ground for Relief, Kelly claims two constitutional errors were made in the jury instructions on that count.

First, Kelly claims the trial judge erred in his definition of "enterprise" when the jury asked for a definition. Kelly asserts that the judge should instead have given the instruction his attorney requested (Petition, ECF No. 1, PageID 11). The Fourth District Court of Appeals decided that the instruction Kelly requested was not an accurate statement of Ohio law. *Kelly*, 2016-Ohio-8582, ¶¶ 85-88.

In his original Report, the Magistrate Judge noted that the correctness of jury instructions rarely raises a federal constitutional question and in any event Kelly has not argued this claim, which was his Fifth Assignment of Error on direct appeal as a constitutional question.

Furthermore, the definition of "enterprise" used in federal Racketeering Influenced and Corrupt Organizations ("RICO") cases has never been made binding on the States.

In his Reply, Kelly had argued a much broader proposition: that the trial judge's instructions did not include all the elements of the Ohio RICO count (ECF No. 18, PageID 2751-59). In his original Report, the Magistrate Judge recommended dismissing this claim because it had never been fairly presented to the Ohio courts, nor had it even been pleaded in the Petition (ECF No. 19, PageID 2791). In his Supplemental Report, the Magistrate Judge adhered to this position (ECF No. 25, PageID 2824).

### B. Ground One: Ineffective Assistance of Trial and Appellate Counsel

In his First Ground for Relief, Kelly claimed he received ineffective assistance of trial counsel when his trial attorney did not object the assertedly erroneous RICO instructions. In his original Report the Magistrate Judge found this claim procedurally defaulted because it had never been raised in the state courts (ECF No. 19, PageID 2792); he adhered to this conclusion in his Supplemental Report (ECF No. 25, PageID 2824-25).

### C. Ground Two: Insufficient Evidence of the RICO Violation

In his Second Ground for Relief, Petitioner asserted there was insufficient evidence presented at trial to convict him on the RICO charge, Count 25. In his original Report, the Magistrate Judge concluded that the Ohio Fourth District Court of Appeals had decided this constitutional claim ln the merits and its decision was not an objectively unreasonable application of the governing Supreme Court precedent, *Jackson v. Virginia* (Report, ECF No. 19, PageID 2792-96, citing 443 U.S. 307 (1979)). Based on that conclusion, he recommended the Second Ground for Relief be dismissed on the merits. *Id.* at PageID 2796. Kelly did not object to that conclusion.

### D. Ground Three: Insufficient Evidence of Perjury

In his Third Ground for Relief, Petitioner asserted there was insufficient evidence presented at trial to convict him of perjury. In his original Report, the Magistrate Judge concluded the Fourth District's decision on this claim also was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Kelly also did not object to this conclusion.

## II. ANALYSIS

Kelly through counsel filed timely Objections (ECF No. 33) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 25). Respondent's time to reply to those Objections has expired and the case is thus ripe for final disposition.

In his current Objections, Kelly stands by his Objections to the original Report without repeating them (ECF No. 33, PageID 2846, n.2). He states no new objection as to Ground Two or Three, and the Magistrate Judge's recommendation that they should be dismissed is therefore ADOPTED.

The Magistrate Judge concluded that Grounds One and Four were barred by Kelly's procedural default in failing to present them to the state courts in a petition for post-conviction relief under Ohio Revised Code § 2953.21[1] (for ineffective assistance of trial counsel) or Ohio R.App.P. 26(B) (for ineffective assistance of appellate counsel). Kelly sought to excuse these defaults by claiming his appellate attorney failed to inform him of post-conviction process, relying on *Gunner v. Welch* (Supp. Objections, ECF No. 33, PageID 2846, citing 749 F.3d 511 (6th Cir. 2014)). In response the Magistrate Judge noted that there was no evidence of that failure to inform.

---

[1] Even though the asserted instances of ineffective assistance of trial counsel could have been litigated on direct appeal, Kelly was not bound to do so under *res judicata* doctrine because he had the same attorney on direct appeal as at trial.

In his present Objections, Kelly rejoins that he alleged in the Petition "Petitioner's trial and appellate counsel did not inform him of the Post-Conviction process." (ECF No. 1, PageID 7[2]). But these are bare pleading allegations made by counsel. The Petition itself is not verified, but signed by counsel on behalf of Petitioner.

Petitioner asserts that the reason no evidence has been submitted is that there has been no hearing and no discovery in this habeas case (Supp. Objections, ECF No. 33, PageID 2848). While that is true, it is not material. While *Gunner* allows a petitioner to rely on lack of advice about post-conviction process from counsel, the place to present that evidence is in the state courts. *Gunner* must be read consistently with *Edwards v. Carpenter*, 529 U.S. 446 (2000), which requires that ineffective assistance of trial counsel or ineffective assistance of appellate counsel as excusing cause must first be properly presented to the state courts for adjudication. Both Ohio Revised Code § 2953.23 and Ohio R.App.P. 26(B) provide a prisoner with opportunities to excuse delayed filings by pointing to facts such as those Kelly would now like to offer.

Because Petitioner has not offered sufficient excusing cause, the Court ADOPTS the Magistrate Judge's recommendation that Grounds One and Four be dismissed as procedurally defaulted.

## III. CONCLUSION

In accordance with this analysis, the Court orders that the Petition for Writ of Habeas Corpus be dismissed with prejudice and the Clerk enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

---

[2] The same allegation in slightly different words is made as to Ground Four at ECF No. 1, PageID 12.

The Clerk shall remove Documents 19, 23, 25, and 33 from the Court's pending motions list.  Final judgment should be entered and this case should be closed.

**IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**